IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARVEY CHAMPAIGN,

    Plaintiff,

v.                                      Case No. 22-CV-232 KG/SCY

CENTURYLINK COMMUNICATIONS and its SUBSIDIARIES,
LUMEN TECHNOLOGIES, INC., and its SUBSIDIARIES,
and QWEST COMMUNICATIONS and its SUBSIDIARIES,

    Defendants.

## ORDER

This matter is before the Court on *pro se* Plaintiff Harvey Champaign's two motions for time extensions. In his first Motion for Time Extension (Doc. 9), Mr. Champaign requested a 31-day extension of time to respond to Defendants' Motion to Dismiss. In his second Motion for Time Extension (Doc. 22), Mr. Champaign requested a 30-day extension to reply to Defendants' Response to his Motion to File an Amended Complaint. Noting that Mr. Champaign did file both within his own requested extension, the Court finds the Motions well taken and grants both.

The Court notes that Defendants responded with concerns but not opposition to the first Motion (Doc. 12) and responded in opposition to the second (Doc. 24). In short, Defendants argue that Mr. Champaign has repeatedly invoked his efforts to seek counsel as a reason justifying extensions for him as a *pro se* party since April 2022 without any success. *Generally* (Doc. 24). Defendants suggested providing Mr. Champaign a deadline for obtaining counsel and precluding more filing in the interim. *Id*. at 3. The Court notes that as of today there has been no entry of appearance on behalf of Mr. Champaign.

1

The Court is sensitive to Defendants' concerns, but in general is willing to allow *pro se* parties some leeway so as to adjudicate their cases on the merits and not decide them on procedural technicalities.  The Court notes that any civil party has a right to represent himself. 28 U.S.C. § 1654.  The Court also notes that because Mr. Champaign did file both his Response and his Reply, the issue is essentially moot, at least while the Court considers the pending Motions.

Nonetheless, the Court takes the opportunity to remind Mr. Champaign that even *pro se* parties must follow the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (noting that while Tenth Circuit "liberally construe[s] pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  These rules include time limits, D.N.M. LR-Civ. 7.4, the requirement to confer with opposing counsel and state their opposition or non-opposition to motions, D.N.M. LR-Civ. 7.1(a), and the broad mandate that filings be made in good faith and with accuracy and candor, Fed. R. Civ. P 11.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

2